UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUIBY INC, <br> Plaintiff, <br> v. <br> IDIL DOGUOGLU POSEY, et al., <br> Defendants. | Case No. 17-cv-03847-EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND** <br><br> Docket No. 62 |

Plaintiff Ouiby Inc., d/b/a Kickfurther initiated this lawsuit against three defendants: Idil Doguoglu-Posey; Carl Posey Photography, Inc. ("CP Photo"); and Carl Posey. Kickfurther is a company that somewhat mimics the Kickstarter business model; that is, "Kickfurther hosts an online marketplace that provides businesses with a way to fund their inventory needs by aggregating financing from members of the public." Compl. ¶ 1. Funding is ultimately accomplished via a consignment agreement that Kickfurther enters into with the business seeking funding. *See* Compl. ¶ 46 *et seq.* Kickfurther filed suit against Defendants, alleging that it entered into three consignment agreements with Defendants but that Defendants breached those agreements by failing to pay for the inventory or failing to return the inventory. Kickfurther also asserted claims for fraud and violation of California Business & Professions Code § 17200.

In response to Kickfurther's complaint, one of the defendants – Ms. Posey – asserted counterclaims. Currently pending before the Court is Kickfurther's motion to dismiss Ms. Posey's counterclaims. Having considered the parties' briefs, as well as their oral argument, the Court hereby **GRANTS** Kickfurther's motion but gives Ms. Posey leave to amend.

# I. DISCUSSION

A. Legal Standard

In her pleading, Ms. Posey asserts the following counterclaims against Kickfurther.

(1) Breach of contract;

(2) Breach of the implied covenant of good faith and fair dealing;

(3) Unjust enrichment;

(4) Fraudulent misrepresentation and "unauthorized use"; and

(5) Violation of California Business & Professions Code § 17200.

Kickfurther has moved to dismiss all counterclaims, largely on the basis of failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

> To survive a [12(b)(6)] motion to dismiss for failure to state a claim after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), [a plaintiff's] factual allegations [in the complaint] "must . . . suggest that the claim has at least a plausible chance of success." In other words, [the] complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"
>
> . . . . [The Ninth Circuit has] settled on a two-step process for evaluating pleadings:
>
> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014).

Notably,

> [t]he plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility 'of entitlement to relief.'"

*Iqbal*, 556 U.S. at 678.

Because Ms. Posey has asserted a claim for fraud, Federal Rule of Civil Procedure 9(b) is

2

also implicated. The rule provides that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that this means that

> the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

B. <u>Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing</u>

Under Colorado law (which governs pursuant to the consignment agreement, *see* Consign. Agmt. ¶ 14.7), the elements of a claim for breach of contract are as follows: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Horton v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1271 (Colo. App. 2009).

In addition, "'Colorado law provides that each contract has an implied covenant that parties shall act in good faith and deal fairly.'" *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 499 (Colo. 1995). "The good faith performance doctrine is generally used to give effect to the intentions of the parties or to honor their reasonable expectations. Good faith performance of a contract involves 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" *ADT Sec. Servs. v. Premier Home Prot., Inc.*, 181 P.3d 288, 293 (Colo. App. 2007).

> The duty of good faith and fair dealing applies when [*e.g.*] one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. The covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party. However, it will not contradict terms or conditions for which a party has bargained.

*Amoco*, 908 P.2d at 498 (citing in support *Hubbard Chevrolet Co. v. Gen. Motors Corp.*, 873 F.2d

873, 876-77 (5th Cir. 1989)); *see also Hubbard*, 873 F.2d at 876-77 (stating that "[t]he implied covenant of good faith and fair dealing essentially serves to supply limits on the parties' conduct when their contract defers decision on a particular term, omits terms or provides ambiguous terms").

In the instant case, Ms. Posey has formally pled both (1) a claim for breach of contract and (2) a claim for breach of the implied covenant. However, her claim for breach of contract really seems to be just another claim for breach of the implied covenant. Ms. Posey seems to admit as much by virtue of the fact that, in her breach-of-contract counterclaim, she makes allegations about the implied covenant of good faith and fair dealing.

That being said, however Ms. Posey has characterized her claims – breach of contract or breach of the implied covenant – the Court finds that the bulk of the claims is without merit. For example, Ms. Posey cannot maintain a claim for breach of contract or the implied covenant based on Kickfurther's *pre-contract* conduct (*e.g.*, failing to do due diligence and misleadingly claiming a 12% return). Such conduct might be the basis for a fraudulent-inducement-of-contract claim but no such claim has been asserted by Ms. Posey.[1] Admittedly, the consignment agreement between the parties does say that "Offeror [Ms. Posey] authorizes Kickfurther to obtain business and consumer credit reports on Offeror and/or any principals listed as part of this offer or to obtain credit and funding information from any other persons or entities." Consign. Agmt. ¶ 1. However, that Kickfurther was authorized to do such *pre-contract* does not mean that Kickfurther was required to do any credit check *pursuant* to the signed consignment agreement. In short, *pre-contract* conduct does not constitute a breach of the *contract*.

Ms. Posey's claim that Kickfurther used her agreement with the company to get new business suffers from a different flaw – *i.e.*, there is no term in the consignment agreement prohibiting Kickfurther from doing so, and Ms. Posey fails to explain how such conduct by Kickfurther would frustrate the purpose of the consignment agreement between the two.

Based on the Court's review of the counterclaims, the only factual predicates that might

---

[1] And it is not clear that a fraud-in-the-inducement claim would necessarily be viable. Ms. Posey would have to allege that she justifiably relied on a misrepresentation by Kickfurther.

4

give rise to a claim for breach of contract or the implied covenant are as follows: (1) that Kickfurther allegedly made unauthorized withdrawals from Ms. Posey's bank account and (2) that Kickfurther did "pre-filling"[2] on the Elastic Wonder consignment without consulting with Ms. Posey beforehand. However, without more specific facts on these factual predicates, the Court cannot evaluate whether there was a breach of a consignment agreement or a breach of the implied covenant of good faith or fair dealing. For example, are there any express contract terms that were allegedly violated? If not, how was the purpose of a contract frustrated by Kickfurther's actions? When did Kickfurther make the withdrawals or do the "pre-filling"? Absent more specific facts, Ms. Posey has failed to state a plausible claim as required by *Twombly* and *Iqbal*.

For the foregoing reasons, the Court dismisses Ms. Posey's breach-of-contract and breach-of-implied-covenant claims. The Court shall allow Ms. Posey to amend these claims, but the permitted amendment is narrow in scope. Ms. Posey is allowed to re-plead her claims (if she can do so in good faith, consistent with her obligations under Federal Rule of Civil Procedure 11) but based on the following factual predicates only: (1) that Kickfurther allegedly made unauthorized withdrawals from Ms. Posey's bank account and (2) that Kickfurther did "pre-filling" on the Elastic Wonder consignment without consulting with Ms. Posey beforehand. As indicated above, Ms. Posey must provide more specific allegations about these factual predicates in order for the Court to assess the plausibility of the claims.

C.  Unjust Enrichment

While Colorado law governs the claims for breach of contract and the implied covenant, the claim for unjust enrichment is governed by California law. Kickfurther argues that Colorado law should apply but the Court does not agree because the consignment agreement provides that "*[t]his Agreement* shall be governed by, and construed and enforced in accordance with, the laws of the State of Colorado." Consign. Agmt. ¶ 14.7 (emphasis added). The consignment agreement does not use broader language such as "any dispute related to the agreement."

---

[2] It is not entirely clear to the Court what Ms. Posey means by "pre-filling" in the first place. For example, is Ms. Posey contending that Kickfurther began to accept money from the public on the Elastic Wonder consignment before the consignment agreement was signed?

5

Under California law, "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Admittedly, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution,'" *id.*, but there is also California case law holding that a plaintiff may not "pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012). In her counterclaims, Ms. Posey expressly alleges that "[t]he Elastic Wonder Consignment Agreement (Exhibit C) is a valid and enforceable contract between Kickfurther and Ms. Posey." Countercl. ¶ 31. Although Ms. Posey has not made the same express allegation with respect to the second Elastic Wonder consignment opportunity (that Kickfurther cancelled after taking its cut), there is no indication that Ms. Posey views that opportunity as an unenforceable agreement. Accordingly, her quasi-contract counterclaim fails.

In addition to the above, there are problems with at least some of the factual predicates for the unjust enrichment claim. For example, Ms. Posey lacks standing to assert a claim for relief to the extent that Kickfurther was enriched as a result of money being provided to it by someone other than Ms. Posey herself (*i.e.*, the investing public). *See, e.g.*, *Nguyen v. Wells Fargo Bank N.A.*, No. CV 14-7510-GHK (RZx), 2015 U.S. Dist. LEXIS 100851, at *21 (C.D. Cal. Feb. 18, 2015) (stating that "Plaintiff has failed to demonstrate what assets she has unjustly paid to Defendant" and "[i]t is also unclear what standing Plaintiff has to raise unjust enrichment claims on behalf of third parties"); *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000) (in a case where plaintiff sued defendant-bank for failing to honor a letter of credit that a third party obtained from the bank to pay plaintiff, noting that the elements of an unjust enrichment claim are "receipt of a benefit and unjust retention of the benefit at the expense of another" and, "[h]ere, substantial evidence supports the conclusion that SeoulBank was unjustly enriched when it retained for itself the funds JDP [a third party] used to purchase the letter of credit for the purpose of playing Lectrodryer [the plaintiff], and SeoulBank should have made those funds available to JDP for payment to Lectrodryer when the letter of credit expired").

Accordingly, the Court dismisses the claim for unjust enrichment. The dismissal shall be

1 without prejudice, and Ms. Posey has leave to amend, but the Court notes that any amendment
2 must address, or not repeat, the deficiencies identified above.

D. Fraud

As above, California law (and not Colorado law) applies with respect to Ms. Posey's claim for fraud. Under California law, the elements of fraud are as follows: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud; i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted).

According to Ms. Posey:

- "Kickfurther intentionally misrepresented to Ms. Posey that a 12% return on investment after 4 months is customary." Countercl. ¶ 58.
- Kickfurther enticed Ms. Posey to enter into a consignment agreement with Kickfurther by emailing her notifications of "newly launched" successful coops with Kickfurther. Countercl. ¶ 59.
- Kickfurther made misrepresentations about Ms. Posey and her business to investors. *See* Countercl. ¶ 60. For example, "Kickfurther intentionally misrepresented to investors that Ms. Posey's second coop [related to CP Photo] was separate from her first [related to Elastic Wonder] to get it funded and get paid a percentage." Countercl. ¶ 62; *see also* Countercl. ¶ 64.
- Kickfurther "initiated unauthorized withdraw[al]s from Ms. Posey's account by secretly accessing her password protected platform account." Countercl. ¶ 66.

Each of the above factual predicates is problematic. For example, Ms. Posey has failed to explain how Kickfurther's representation to Ms. Posey regarding a 12% return was false. Similarly, Ms. Posey has failed to explain how Kickfurther made any false representation to Ms. Posey regarding other consignment opportunities that were successful. There are no specific allegations that comply with Rule 9(b). *See Kearns v. Ford Motor Co.*, 1126 (9th Cir. 2009) (noting that Federal Rule of Civil Procedure 9(b) requires that "'a party must state with particularity the circumstances constituting fraud'" which means that a plaintiff must "articulate

7

the who, what, when, where, and how of the misconduct alleged"). For the remaining factual predicates, no misrepresentation was made to Ms. Posey herself as opposed to a third party (*e.g.*, investors contemplating possible investment in Ms. Posey's business). Nor has she demonstrated that she can plausibly allege how she relied on misrepresentations made to third parties (such as investors). *Cf. O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) (stating that "UCL fraud plaintiffs must allege their own reliance – not the reliance of third parties – to have standing under the UCL"); *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 408 (1992) (stating that "the person or 'class of persons entitled to rely upon the representations is restricted to those to whom or for whom the misrepresentations were made[;] [e]ven though the defendant should have anticipated that the misinformation might reach others, he is not liable to them'").

The Court thus dismisses the fraud claim but with leave to amend. Similar to above, the permitted amendment is narrow in scope. Ms. Posey is allowed to re-plead the following factual predicates only: that (1) Kickfurther misrepresented to her that a 12% return on investment after 4 months is customary and that (2) Kickfurther made some kind of misrepresentation to her regarding newly launched successful coops. Because, as noted above, fraud claims are subject to Rule 9(b), Ms. Posey must make specific allegations as to "the who, what, when, where, and how" of the alleged fraud in order to state a viable claim for relief.

E.  Section 17200 Violation

Finally, Ms. Posey's § 17200 claim is – with one exception – entirely derivative of the above claims, and therefore the statutory claim falls with the common law claims. The one exception is where Ms. Posey has predicated her § 17200 claim on violations of the California Labor Code. Here, however, there is an independent problem with the claim for relief. That is, Ms. Posey has failed to identify any specific provision of the Labor Code and, given the subject matter of this case, it is not clear how the Labor Code could be implicated in any way.

The Court thus dismisses the § 17200 claim but Ms. Posey may amend consistent with the Court's rulings above.

## II.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss but gives Ms. Posey

8

leave to amend the counterclaims within the parameters provided above. The amended pleading shall be filed within four weeks of the date of this order. The Court's ruling herein does not affect any affirmative defense that Ms. Posey has asserted in her answer.

This order disposes of Docket No. 62.

**IT IS SO ORDERED**.

Dated: February 6, 2018

_____
EDWARD M. CHEN
United States District Judge